IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,128-01






EX PARTE REYMUNDO CASTILLO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B-08-2193-0-CR-B IN THE 156TH DISTRICT COURT


FROM BEE COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of
aggravated sexual assault and two counts of indecency with a child, He was sentenced to 65 years'
imprisonment on the aggravated sexual assault counts and ten years' imprisonment on the indecency
counts. The Thirteenth Court of Appeals affirmed his conviction. Castillo v. State, No. 13-09-127-CR (Tex. App.-Corpus Christi March 4, 2011). 

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify Applicant that his conviction had been affirmed. He alleges that counsel
claims he timely informed Applicant, but that the Texas Department of Criminal Justice (TDCJ) mail
room records for his unit shows that he did not receive any such notification from counsel.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain a response from appellate counsel regarding Applicant's claim of ineffective assistance
of counsel on appeal. The trial court shall also obtain mail room records from the Texas Department
of Criminal Justice from the unit where Applicant was housed in March and April 2011 to determine
whether Applicant received any legal mail from appellate counsel during that time frame. The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's appellate counsel timely
informed Applicant that his conviction had been affirmed and that he had a right to file a pro se
petition for discretionary review. If the trial court finds that counsel timely informed Applicant that
his conviction had been affirmed, it shall make findings as to whether Applicant received such
notice. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: February 15, 2012

Do not publish